UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| THOMAS E. PEREZ,[1] Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR, <br><br> Petitioner, <br><br> v. <br><br> GEORGETOWN REALTY, INC.; JOHN MAHAFFY; and Georgetown Realty, Inc. Profit Sharing Plan and Trust <br><br> Defendants. | Case No. 3:12-CV-01164-HU <br><br><br> **CONSENT JUDGMENT AND ORDER** |

WHEREAS:

A.      Petitioner THOMAS E. PEREZ, Secretary of Labor, United States Department of

Labor (the "Secretary") under the authority granted to him by §§ 502(a)(2) and (5) of the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5),

has filed a Complaint against GEORGETOWN REALTY, INC. ("Georgetown"); JOHN

MAHAFFY ("Mahaffy"), individually; and the GEORGETOWN REALTY, INC. PROFIT

SHARING PLAN AND TRUST ("Plan"), an employee benefit plan within the meaning of

Section 3(3) of ERISA, 29 U.S.C. § 1002(3).[2]

---

[1] Thomas E. Perez was sworn in as Secretary of Labor on July 23, 2013.  Pursuant to F.R.C.P.
25(d) the caption has been changed to reflect his appointment.

[2] The Plan is named in the Secretary's Complaint as a party necessary for complete relief under
Fed. R. Civ. P. 19(a).

B.      The Secretary, Georgetown, Mahaffy and the Plan (collectively, the "parties")
admit that the Court has jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. §
1132(e)(1), and that venue lies in the District of Oregon under ERISA § 502(e)(2), 29 U.S.C. §
1132(e)(2).

C.      The parties agree to the entry of this Consent Judgment and Order.  The parties
further agree that this Consent Judgment and Order shall fully settle all claims of the Secretary
asserted in the Complaint.

D.      This Consent Judgment and Order is intended to restore losses to eligible Plan
participants and beneficiaries other than Defendant Mahaffy ("Eligible Plan Participants") as
identified in **Exhibit A**, attached hereto.

E.      All parties expressly waive Findings of Fact and Conclusions of Law.

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.      Defendants Georgetown and Mahaffy are jointly and severally liable for $542,
046 in losses to the Plan ("Loss Amount"), and judgment is hereby entered against them in that
amount.

    a.      Defendants Georgetown and Mahaffy have a separate agreement to restore
$65,782 in losses, plus an additional amount of lost-opportunity costs, to former Plan participant
Thor Godtlibsen.  As of the date of the parties' execution of this Consent Judgment and Order,
Defendant Mahaffy owes Mr. Godtlibsen $40,750 under that agreement.  Defendant Mahaffy
agrees that he will continue to perform his obligations under the agreement with Mr. Godtlibsen.
The parties agree that Mr. Godtlibsen's principal balance of $65,782 is not included in the
Settlement Amount set forth below in Paragraph 2.

    b.       As of the date of the parties' execution of this Consent Judgment and Order,

Defendant Mahaffy has made $56,137 in payments directly to Plan participants, in addition to the amounts paid to Mr. Godtlibsen.  The parties agree that these payments totaling $56,137 are not included in the Settlement Amount set forth below in Paragraph 2.

2.      Defendants Georgetown and Mahaffy shall restore $ 420,127 ("Settlement Amount"), to the Plan in payment installments as set forth in this Paragraph, plus simple interest at the rate of 3% (three percent) annum on the declining balance until the Settlement Amount is paid in full.  Payments shall be applied first to accrued Interest and then to the Settlement Amount.

a.      The amounts restored to the Plan pursuant to this Paragraph shall be distributed to Eligible Plan Participants identified in **Exhibit A,** annually on a pro rata basis.

b.      Within ten (10) calendar days from the date the Court enters this Consent Judgment and Order, Defendant Mahaffy shall remit $5,000.00 to the Plan through the Independent Fiduciary, as provided for in Paragraph 4 below.

c.      Thereafter, beginning on June 5, 2014, Defendant Mahaffy shall make monthly payments to the Independent Fiduciary in the amount of $2,000.00, less the applicable premium for the life insurance policy identified in Paragraph 7.  The first installment is due and payable on June 5, 2014, and the remaining installments shall be due and payable on or before the fifth (5th) day of each succeeding month thereafter, until the Settlement Amount plus Interest has been fully paid.

d.      The Independent Fiduciary is authorized and shall use his discretion to consider and select the best investment vehicle in which to hold assets of the Plan, including the stream of payments made to the Plan under this Paragraph.

e.      In the event of default by Defendant Mahaffy in the payment of any of the

monthly installments identified in this Paragraph, the total remaining balance of the Settlement

Amount plus Interest shall then become due and payable within sixty (60) business days of the

default.

       4.      Jeanne B. Bryant of Receivership Management, Inc., 783 Old Hickory Boulevard,

Suite 255, Brentwood, Tennessee 37027; Tel: (615) 370-0051; Fax: (615) 373-4336 shall be, and

hereby is, appointed Independent Fiduciary ("Independent Fiduciary") of the Plan who:

       a.      Will be responsible for collecting, marshaling, paying out, and administering Plan

assets, calculating the account balances of the Eligible Plan Participants identified in **Exhibit A**,

and taking further action with respect to the Plan as appropriate, and, if necessary, terminating

the Plan when all of its assets are distributed to all of the Eligible Plan Participants identified in

**Exhibit A**;

       b.      Pursuant to the procedures outlined in the Employee Benefits Security

Administration's Field Assistance Bulletin 2004-02, as may be amended, must exercise

reasonable care and diligence to identify and locate each Eligible Plan Participant and

beneficiary who is eligible to receive a distribution under the terms of the Plan to the extent the

Plan has distributable assets;

       c.      Has all the rights, duties, discretion and responsibilities of a trustee, fiduciary and

Plan Administrator under ERISA, including filing annual and/or final Form 5500;

       d.      Has the authority to delegate or assign fiduciary duties as appropriate and allowed

under the law and may retain assistance as needed including attorneys, accountants, actuaries and

other service providers;

       e.      Shall have full access to all data, information and calculations in the Plan's

possession and under its control, including information and records maintained by the Plan's

custodial trustee or service provider;

   f.  Shall have the authority to give instructions respecting the disposition of assets of the Plan;

   g.  Shall comply with all applicable rules and laws; and

   h.  Shall be entitled to reasonable compensation, fees and expenses, paid by the Plan. Following the entry of this Consent Judgment and Order by the Court, the Independent Fiduciary shall be required to present to the Court and the Secretary an itemized report of fees and expenses on a quarterly basis ("Fee Report").  The Fee Report shall include a description of work performed and an itemized statement of fees and expenses.  It will be deemed that there is no objection to the Fee, unless the Secretary specifically objects to the fees and expenses charged within fifteen (15) business days.

   4.  Defendants shall cooperate fully with the Independent Fiduciary herein appointed by the Court in providing documents or information they may have relevant to the Plan's administration and management.

   5.  Defendant Mahaffy hereby forfeits and waives any interest he may have in any amounts restored to the Plan as a result of the Secretary's Complaint and this Consent Judgment and Order, including the Loss Amount plus Interest.

   6.  Prior to the execution of this Consent Judgment and Order, Defendant Mahaffy's spouse, Wanda L. Mahaffy, executed in Mahaffy's presence a  Waiver of Benefits and Spousal Consent, a true and correct copy of which is attached hereto as  **Exhibit B**.

   7.  Within fourteen (14) business days of the Court's entry of this Consent Judgment and Order, Defendant Mahaffy shall take all steps necessary to name the Plan as the sole beneficiary of his life insurance policy (Insurer: ING; Policy No.: AD 20361549; Issue Date:

June 13, 2011; Amount of the death benefit: $500,000.00).  In the event that payment on the policy is ever made to the Plan, to the extent that the remaining Loss Amount at that time plus Interest is less than the amount paid to the Plan under the described life insurance policy, the Plan shall, within thirty (30) calendar days after receipt of the policy proceeds, refund the difference to Defendant Mahaffy's named contingent beneficiary.

8.     Defendant Mahaffy shall maintain and renew the identified life insurance policy with the Plan as the beneficiary until such time as the Settlement Amount plus Interest has been paid in full, after which time Defendant Mahaffy may, in his sole discretion name a different beneficiary or beneficiaries of his own choosing or choose to let the policy lapse.  Defendant Mahaffy shall provide the Independent Fiduciary with a copy of the life insurance policy and subsequent renewals within thirty (30) calendar days of obtaining/renewing same.  The Independent Fiduciary shall review the policy on an annual basis to ensure that it is current and the Plan is the named sole beneficiary.

9.     Within thirty (30) days of the Court's approval of this Consent Judgment and Order, Defendant Mahaffy shall begin to actively market for sale all of the properties identified in Schedule A of the Declaration of Financial Status, submitted under oath by Mahaffy to the Secretary on March 12, 2013, excluding 16800 SE Maple Hill Lane, which Defendant Mahaffy identified as his primary residence ("Properties").  Defendants Mahaffy and Georgetown may not receive, separately or together, any fees or commission for services in connection with the marketing and/or sale of any of the Properties.  The proceeds of any sale of any of the Properties, net after costs of the sale, shall be transferred into the Plan account through the Independent Fiduciary and credited towards the remaining balance of the Settlement Amount plus Interest. The sale of any and all of the Properties used to pay any portion of the Settlement Amount plus

Interest shall be made to a third party who is not a party-in-interest to the Plan as defined at

ERISA § 3(14), 29 U.S.C. § 1002(14) (hereinafter "Third Party Buyer").  Further, the proceeds

of any sale shall be allocated on a pro rata basis to all Eligible Plan Participants identified in

**Exhibit A** as of the date of sale and transferred into the Plan accounts of all such participants no

later than thirty (30) calendar days after the close of sale.  The Independent Fiduciary, in his

discretion, shall review and monitor the sale(s) of any and all of the Properties to ensure that any

and all sale(s) is in the best interests of the Eligible Participants.

      10.     If none of the Properties are sold to a Third Party Buyer within four years from

the date of entry of this Consent Judgment and Order, the properties not sold shall be put up for

auction scheduled to conclude within ninety (90) calendar days of the expiration of the four-year

period.  The Independent Fiduciary shall have the right to set a minimum bid or other terms of

sale at such auction.  The proceeds of any sale of any of the Properties, net after costs of sale,

shall be transferred into the Plan account through the Independent Fiduciary and credited

towards the remaining balance of the Settlement Amount plus Interest.  Further, the proceeds of

any sale shall be allocated on a pro rata basis to all Eligible Plan Participants identified in

**Exhibit A** as of the date of sale and transferred into the Plan accounts of all such participants no

later than thirty (30) calendar days after the close of sale.

      11.     Defendant Mahaffy agrees that, in the event that he files for bankruptcy protection

under any chapter of the United States Bankruptcy Code, within thirty (30) calendar days of

filing a petition in any U.S. Bankruptcy Court, he will (i) notify the Secretary of his bankruptcy;

and (ii) execute a stipulation with the Secretary and consent to the entry of an Order that the

identified Settlement Amount plus Interest calculated through the date on which he files for

bankruptcy is a nondischargeable debt pursuant to section 523(a)(4) of the U.S. Bankruptcy

Code, 11 U.S.C. § 523(a)(4) ("Stipulation"). The Stipulation and entry of a subsequent Order shall further provide that Interest will continue to accrue at the rate set forth in 26 U.S.C. § 6621 from the date the relevant nondischargeability Order is issued until such time as the Settlement Amount plus Interest is paid to the Plan in full.

12.    Upon the appointment of the Independent Fiduciary named in Paragraph 4, *infra*, Defendant Georgetown shall be removed as administrator of the Plan and Defendant Mahaffy shall be removed as fiduciary of and Trustee to the Plan.

13.    Defendants Mahaffy and Georgetown are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

14.    Defendant Mahaffy is hereby permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.

15.    Within ten (10) business days of the Court's entry of this Consent Judgment and Order, Defendant Mahaffy shall provide a copy of this Consent Judgment and Order to the Independent Fiduciary.

16.    Within ten (10) business days of the Court's entry of this Consent Judgment and Order, Defendant Mahaffy shall provide to the Independent Fiduciary copies of all checks in his possession that were issued from Plan assets, as well as all other documents related to the Plan in Mahaffy's possession.

17.    If at any time the Secretary determines that Defendant Mahaffy transferred assets for the purpose of avoiding disclosure or making full repayment to the Plan as set forth in this Consent Judgment and Order, or materially misrepresented his financial condition in his Declaration of Financial Status submitted to the Secretary in March 2013 or any other financial documents submitted to the Secretary at any time in the future, the Secretary, by appropriate

motion, may reopen his case against Defendants and seek restitution to the full extent of their liability to the Plan.

18.    Defendant Mahaffy agrees that on or before April thirtieth (30th) of every calendar year following the execution of this Consent Judgment and Order, he will complete under penalty of perjury and submit to the Secretary a fully-executed Declaration of Financial Status with the required supporting documentation (a blank form copy of which declaration is attached hereto as **Exhibit C**).  Further, the Secretary reserves the right to request that Defendant Mahaffy submit a Declaration of Financial Status at any other time, in addition to the required annual reporting on or before April thirtieth (30th).  The submission shall be made by reliable overnight delivery AND facsimile to:

> Regional Director
> U.S. Department of Labor
> Employee Benefits Security Administration
> 90 7th Street, Suite 11-300
> San Francisco, CA 94103
> Fax: 415-625-2499

19.    If the documents submitted to the Secretary demonstrate that Defendant Mahaffy's gross household income, including but not limited to any property or assets acquired through commissions, income, investments, dividends, royalties, sales from personal, real or intellectual property, gifts, inheritance, life insurance, lottery winnings or other gambling income, exceed $125,000.00 (one hundred twenty-five thousand dollars), in any twelve-month period, he will not object to the Secretary's demand to pay on behalf of the Plan within fifteen (15) business days of receipt of a notice from the Secretary, a sum equal to 50 percent (50%) of his gross household income in excess of $125,000.00 (one hundred twenty-five thousand dollars), or the remaining balance of the Settlement Amount plus Interest, whichever is less.

20.    Defendants Georgetown and Mahaffy expressly waive any and all claims of any

9

nature which they have or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

21.     The Secretary and all Defendants shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

22.     Nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

23.     This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

24.     By signing their names to this Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment and Order.

25.     This Consent Judgment and Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court directs the entry of this Consent Judgment and Order as a final order.

IT IS SO ORDERED.


Dated: _5 May '14_                    _/s/Michael W. Mosman_____
                                      United States District Court Judge

Dated:  April 28, 2014


                                      M. PATRICIA SMITH
                                      Solicitor of Labor

                                      JANET M. HEROLD
                                      Regional Solicitor

                                      DANIELLE L. JABERG
                                      Counsel for ERISA



                                      By: _____*/s/ Rose Darling*_____
                                            ROSE DARLING (Cal. Bar # 243893)
                                            Trial Attorney

                                      Office of the Solicitor
                                      UNITED STATES DEPARTMENT OF LABOR
                                      90 7th Street, Suite 3-700
                                      San Francisco, California  94103
                                      Tel:  (415) 625-7744
                                      Fax:  (415) 625-7772
                                      Email:  darling.rose@dol.gov


Defendants consent to the entry of this Consent Judgment and Order.


Dated:  April 28, 2014                By: __*/s/ Robert B. Miller*____
                                            ROBERT B. MILLER

                                      KILMER, VOORHEES & LAURICK, PC
                                      732 N.W. 19th Avenue
                                      Portland, Oregon 97209
                                      Tel:  (503) 224-0055
                                      bobmiller@kilmerlaw.com

                                      Attorneys for Defendants John Mahaffy and
                                      Georgetown Realty, Inc.

Georgetown Realty, Inc. Profit Sharing Plan and Trust                    Exhibit A

| Eligible Plan Participants | Loss Amount | Separate Agreement | Payments Already Made | Settlement Amount |
|---|---|---|---|---|
| Lori Anderson | $ 27,425.65 | | 0.00 | $ 27,425.65 |
| Pete Anderson | 5,658.15 | | 5,658.15 | 0.00 |
| Nedra Bagley | 2,553.13 | | 2,158.55 | 394.58 |
| Marlyn Bakeman | 83,940.89 | | 0.00 | 83,940.89 |
| Barbara Ball | 1,658.45 | | 0.00 | 1,658.45 |
| Barbara Ball | 408.22 | | 0.00 | 408.22 |
| Tyson Bolster | 2,310.36 | | 0.00 | 2,310.36 |
| Debra Champion | 9,100.98 | | 6,500.00 | 2,600.98 |
| Sophorn Cheang | 1,257.90 | | 778.07 | 479.83 |
| Sharlene Clifford | 122.47 | | 0.00 | 122.47 |
| Reed Couch | 8,535.59 | | 0.00 | 8,535.59 |
| Tricia Davis | 22,058.52 | | 22,017.78 | 40.74 |
| Thor Godtlibsen | 65,782.04 | 65,782.04 | | 0.00 |
| Janice Hilberg | 26,944.50 | | 10,000.00 | 16,944.50 |
| Debra Katrena | 241.40 | | 0.00 | 241.40 |
| Carri Kidd | 3,816.90 | | 0.00 | 3,816.90 |
| Joshua Koulavong | 6,334.29 | | 0.00 | 6,334.29 |
| Corinne Larson | 298.62 | | 0.00 | 298.62 |
| Debbie Lewis | 1,146.88 | | 0.00 | 1,146.88 |
| Debbie Lewis - rollover | 6,653.89 | | 5,000.00 | 1,653.89 |
| Cindy Loughmiller | 538.52 | | 0.00 | 538.52 |
| Matt Mahaffy | 127,121.28 | | 0.00 | 127,121.28 |
| Corinne O'Halloran | 24,113.40 | | 0.00 | 24,113.40 |
| Jeff Olin | 3,571.07 | | 3,571.07 | 0.00 |
| Michael Oliver | 1,238.99 | | 0.00 | 1,238.99 |
| Stefanie Otterson | 39,560.48 | | 0.00 | 39,560.48 |
| Heather Peterson | 2,644.09 | | 0.00 | 2,644.09 |
| Mike Riordan | 2,564.47 | | 0.00 | 2,564.47 |
| Kane Rogers | 31,797.74 | | 0.00 | 31,797.74 |
| Don Schroeder | 453.68 | | 453.68 | 0.00 |
| Maria C Tenbarge | 9,329.00 | | 0.00 | 9,329.00 |
| James Warrick | 13,332.09 | | 0.00 | 13,332.09 |
| Barbara Wood | 9,533.05 | | 0.00 | 9,533.05 |
| **Total** | **$542,046.69** | | **56,137.30** | **$420,127.35** |

## EXHIBIT A

<u>WAIVER OF BENEFITS AND SPOUSAL CONSENT</u>

I, Linda L. Mahaffy, am married to John Mahaffy, who is a fiduciary of the Georgetown Realty, Inc. Profit Sharing Plan and Trust (the "Plan").  In consideration of the Department of Labor's agreement to resolve its claims against my spouse, I renounce and agree not to pursue any claims or interest that may have accrued or vested to me, or may later accrue or vest to me in the amounts to be restored to the Plan under the Settlement Agreement, a portion of which might otherwise have been allocated to John Mahaffy's participant account in the Plan, and any funds in John Mahaffy's participant account in the Plan, in which I might have had a community property interest, an interest as a spouse or beneficiary of John Mahaffy, or otherwise.  I understand that as a result of my consent to this waiver, I will receive no benefits or distribution from John Mahaffy's participant account in the Plan.

Dated:  March 5, 2014          _Linda L. Mahaffy_____

Linda L. Mahaffy

## <u>DECLARATION OF FINANCIAL STATUS</u>

STATE OF _____)

                                      ) SS:

COUNTY OF _____)

      I, _____, declare under penalty of perjury that the following

statement is an accurate and complete representation of my financial status:

*(Attach additional pages wherever space provided is insufficient.)*

**I.**      **Name and Residence:**

      A.     Full name:

      B.     Social Security Number:

      C.     Spouse's full name:

      D.     Spouse's Social Security Number:

      E.     Your current residence:

             For how long:

      F.     Your current mailing address (if different from residence):

      G.     Residence area code and telephone number:

      H.     Business area code and telephone number:

I.     Mobile telephone number:

I.     Most recent prior residence:

For how long:

**II.**     **Occupation and Income**

A.     Current occupation:

B.     Spouse ⬚s current occupation:

C.     Employer (name, address and telephone number):

D.     Spouse ⬚s employer (name, address and telephone number):

E.     Length of current employment (if less than one year, indicate prior employer with address and telephone number):

F.     Length of spouse's current employment (if less than one year, indicate prior employer with address and telephone number):

G.     Self-employment during last three years (name(s), dates, location(s), type(s) of business):

H.     Spouse ⬚s self-employment during last three years (name(s), dates, location(s), type(s) of business):

I.     Gross wages, salary and/or commissions per pay period:

<u>Declarant</u>     _____

<u>Spouse</u>     _____

J.     Payroll deductions per pay period:

|  |  |  | <u>Declarant</u> | <u>Spouse</u> |
|---|---|---|---|---|
| 1. | Taxes | | | |
| | a. | Federal | _____ | _____ |
| | b. | State | _____ | _____ |
| | c. | Local | _____ | _____ |
| | d. | Social Security | _____ | _____ |
| 2. | Insurance | | _____ | _____ |
| 3. | Credit Union | | _____ | _____ |
| 4. | Others (specify) | | _____ | _____ |

K.     Take-home pay per period:     _____     _____

L.     Wage assignments or allotments (with names, addresses, amounts, total owing):

M.     Employers for last 10 years (names, addresses, and telephone numbers):

N.     Gross wages for last 3 calendar years:

O.      Interest income for last 3 calendar years:

P.      Dividends for last 3 calendar years:

Q.      Income from all other sources for last 3 calendar years:

R.      Capital gains or losses for last 3 calendar years:

S.      Social Security payments and/or unemployment compensation for last year:

T.      Distributions from Pension, Profit-Sharing, IRA, Keough, Annuity or deferred compensation for last three (3) years:

U.      Distributions from trusts or estates for last three (3) years:


**III.    Budget:**

|  |  | Declarant | Spouse |
|---|---|---|---|
| A. | Current Monthly Income | _____ | _____ |
| 1. | Interest | _____ | _____ |
| 2. | Dividends | _____ | _____ |
| 3. | Other income from all sources (specify) | _____ | _____ |
| 4. | Total monthly income | _____ | _____ |

B.    Current monthly expenses:

1.    Residential rent or mortgage                          _____

2.    Utilities                                             _____

3.    Food                                                  _____

4.    Clothing                                              _____

5.    Medical expenses                                      _____

6.    Insurance (other than that deducted from wages)    _____

       a.    Auto                                           _____

       b.    Others (specify)                               _____

7.    Transportation (specify type)                         _____

8.    Recreation                                            _____

9.    Dues (not deducted from wages)                        _____

10.   Taxes (not deducted from wages)                       _____

11.   Alimony or support payments                           _____

12.   Other expenses (specify)

       _____              _____

       _____              _____

       _____              _____

       _____              _____

       TOTAL (Expenses)                               _____

5

**IV.** **Taxes owed or refunds anticipated:**

|  |  | Declarant | Spouse |
|---|---|---|---|
| A. | Federal | _____ | _____ |
| B. | State | _____ | _____ |

**V.** **Financial Accounts of Declarant, either individually or jointly held, and Revocable Trusts of which Declarant is qrantor/settlor (include all accounts at domestic and foreign institutions):**

A. Savings accounts or certificates of deposit
   (institutions, addresses, account numbers, balances):

B. Checking accounts (institutions, addresses, account numbers, balances):

C. Money market accounts (institutions, addresses, account numbers, balances):

D. Safe deposit boxes (institutions, addresses, account numbers, balances):

E. Vested pension benefits:

F. Interest in profit sharing or thrift plan, IRA, Keough, etc.:

G. Any other deferred compensation plan:

H. Any life insurance policies, including those with cash values:

I.      Annuities:

**VI.     Transfers of property during the last five (5) years (including but not limited to any transfers to or from other family members):**

     A.      Gifts valued in excess of $500 made by Declarant (names and addresses of donees, dates, description, value of gifts and basis for valuation):

     B.      Transfers of property, real or personal (absolute or as security) (names, addresses, dates, description and value of property transferred, basis for valuation, consideration and disposition of consideration):

     C.      Any revocable trust of which Declarant is settlor:

**VII.    Debts:**

| Creditor's Name and Address | Initial Amount | Security | Repayment Schedule | Current Balance |
|---|---|---|---|---|

**VIII.    Real Property (Declarant and Spouse):**

| Location and Nature of Interest | Market Value | Amount of Mortgage | Other Mortgage or Security Interest |
|---|---|---|---|

**IX.    Personal Property:**

| Description | Market Value | Any Mortgage or Security Interest | Mortgage or Secured Creditor |
|---|---|---|---|
| A.    Cars, trucks boats, other vehicles and their accessories | | | |
| B.    Household goods, appliances and furnishings | | | |
| C.    Art objects and collectibles (e.g., coins, stamps, etc.) | | | |
| D.    Office equipment, furnishings and supplies | | | |

*Personal Property Continued*

| Description | Market Value | Any Mortgage or Security Interest | Mortgage or Secured Creditor |
|---|---|---|---|
| E.    Cash | | | |
| F.    Cash value and interest in insurance policies | | | |
| G.    Annuities | | | |
| H.    Stock and interest in incorporated and unincorporated companies | | | |
| J.    Interest in partnerships (limited or general) | | | |
| K.    Mutual Fund Shares | | | |
| L.    Equitable and future interests | | | |
| M.    Machinery, fixtures and supplies used in business | | | |
| N.    Any and all assets of your business | | | |
| O.    Tangible personal property of any other description | | | |

*Personal Property Continued*

| Description | Market Value | Any Mortgage or Security Interest | Mortgage or Secured Creditor |
|---|---|---|---|
| P.    Receivables | | | |
| Q.    Patents, copyrights, licenses, franchises, and other general intangibles | | | |
| R.    Gold and other precious metals | | | |
| R.    Jewelry, precious stones | | | |
| S.    Government and corporate bonds and negotiable and non-negotiable instruments | | | |
| T.    Contingent and/or unliquidated claims | | | |
| U.    Other (specify) | | | |

X.    **Business Interests:**

    A.  State all other ownership interests you and your spouse have in businesses (e.g., corporations, partnerships, joint ventures, etc.):

Declarant:

Spouse:

    B.  Describe the nature of each business:

    C.  Identify the officers for each business:

    D.  What is the number of employees/workers?

    E.  What is the income/cash derived?

    F.  List the bank accounts (including names and addresses of the banks) for each business:

    G.  List the unencumbered assets of each business, including all stock, securities, real estate, equipment, vehicles, etc., and the value for each:

**XI.**    **Has the Declarant and/or the declarant's spouse ever filed for bankruptcy? Yes_____ No_____ .  If so:**

    A.    Court:

    B.    Bankruptcy Case No(s).:

    C.    Current status:

    D.    Discharge date (if applicable):

    E.    Attorney:

    F.    Was the Secretary of Labor and/or an employee benefit plan listed and/or scheduled?

**XII.**    **Attach federal income tax returns (series 1040), with all schedules and attachments, for the past five (5) taxable years:**

I have reviewed the foregoing completed Declaration of Financial Status and, pursuant to

28 U.S.C. § 1746, declare under penalty of perjury that the foregoing is true and correct.

Executed on _____day of _____, 20___.

_____
Declarant's Signature

_____
Printed Name

_____
Address

_____

_____

12